IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASERN DIVISION
No. 4:24-CV-00178-M

| | |
|---|---|
| **Lillian Ainsley,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Unshakeable Builders, Inc., et al.,** <br><br> Defendants. | **Order** |

The court referred this matter to the undersigned for entry of a Scheduling Order. Each side submitted case management reports. D.E. 35, 36. The undersigned held a case management conference on May 28, 2025.

Three individual Plaintiffs, who proceed pro se, brought this action against three North Carolina corporations alleging various state law claims related to housing design, construction, and sale in their Pitt County, North Carolina subdivision. Am. Compl., D.E. 22. Plaintiffs also seek to certify a class of other homeowners in their subdivision whose houses were developed and built by the Defendants. *Id.*

Defendants have moved to dismiss Plaintiffs' Amended Complaint. Mot., D.E. 29. Their motion claims that the court lacks subject matter jurisdiction because there is not complete diversity amongst the parties. Mem. in Supp., D.E. 30. The motion also contends that the court lacks personal jurisdiction because Plaintiffs failed to properly serve the Defendants with the Amended Complaint. *Id.* And the summonses previously directed to the Defendants contained defects by misstating their names and failing to include Plaintiffs' addresses. The motion also

claims that the Amended Complaint fails to state a claim because it advanced contradictory allegations and cursory legal conclusions, among other shortcomings. *Id*.

The inherent power inherent of a court to control its docket includes the power to stay proceedings sua sponte. *Landis* v. *N. American Co.*, 299 U.S. 248, 254–255 (1936)); *see also Clinton* v. *Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Interests of judicial economy and the hardship and potential prejudice to the parties are considerations a court generally evaluates in determining whether to stay proceedings. *Nallapati* v. *Justh Holdings, LLC*, No. 5:20-CV-47-D, 2023 WL 2436008, at *9 (E.D.N.C. Mar. 9, 2023) (citation omitted). Avoiding inconsistent rulings is also a proper basis to stay proceedings. *Id.* (citations omitted).

The factors present here favor a stay. The motion to dismiss has the potential to dispose of the case without the need for further discovery. Two of the three Plaintiffs and all three Defendants appear to be North Carolina residents. Given the lack of complete diversity among the parties, there is a significant question about whether the court has subject-matter jurisdiction. The court thus finds that it is appropriate to exercise its discretion and stay discovery pending resolution of the motion to dismiss. *See Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 n.1 (M.D.N.C. 2003).

The court stays proceedings related to discovery and case management deadlines until the pending motion to dismiss is resolved. If the court the denies the motion, in whole or in part, the parties must confer and submit a joint amended Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: June 6, 2025.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE