IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:24-CV-00178-M

AINSLEY, et al.,

    Plaintiffs,

v.

UNSHAKEABLE BUILDERS, INC., et al.,

    Defendants,

ORDER

This matter comes before the court on a memorandum and recommendation (the "Recommendation") entered in this case by United States Magistrate Judge Robert T. Numbers, II in this case on June 24, 2025 [DE 41]. In the Recommendation, Judge Numbers recommends that the court grants Defendants' motion to dismiss and dismiss the complaint for lack of subject-matter jurisdiction. DE 41 at 4. The Recommendation, along with instructions and a deadline for filing objections, was served on the parties on June 24, 2025. *See id.* Plaintiffs objected to the Recommendation, DE 42, and thereafter filed a notice of appeal of the Recommendation, DE 44. Judge Numbers' Recommendation to this court does not constitute a "final decision[] of the district courts of the United States" or an otherwise appealable interlocutory order. 28 U.S.C. §§ 1291, 1292. Thus, this court retains jurisdiction to address the Recommendation, because it "does not lose jurisdiction when [a] litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010).

1

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). This is a low bar, particularly when the plaintiff is pro se. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After de novo review of the Recommendation, the court adopts the conclusions of Judge Numbers in full. Plaintiffs' contention that their state law claims carry with them "meaningful federal implications" is insufficient to establish federal question jurisdiction. *Burrell v. Bayer Corp.*, 918 F.3d 372, 381–82 (4th Cir. 2019). The Recommendation [DE 41] is ADOPTED, Defendants' motion to dismiss [DE 29] is GRANTED, and the amended complaint [DE 22] is DISMISSED WITHOUT PREJUDICE.[1]

SO ORDERED this 8th day of August, 2025.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Given this disposition, Plaintiffs' motion to "dismiss" one Plaintiff from this action [DE 43] is denied as moot. Even if the court granted the motion, there would still be incomplete diversity between the parties. DE 41 at 4.

2